Seth W. Wiener, California State Bar No. 203747
LAW OFFICES OF SETH W. WIENER
609 Karina Court
San Ramon, CA 94582
Telephone: (925) 487-5607
Email: *seth@sethwienerlaw.com*

Attorney for Plaintiff
FullStack Labs LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FULLSTACK LABS LLC;<br><br>             Plaintiff,<br><br>v.<br><br>IMON NETWORK LIMITED; HELI YIDA CULTURAL MEDIA COMPANY (HONG KONG) LIMITED; JIM JOHNSON; IAN MOFFITT; and DOES 1 through 10;<br><br>             Defendants. | Case No.: 2:18-at-725<br><br>**COMPLAINT** |

Plaintiff FullStack Labs LLC ("Plaintiff" or "FullStack") for its Complaint against Defendants IMON Network Limited, Heli Yida Cultural Media Company (Hong Kong) Limited, Jim Johnson, Ian Moffitt, and Does 1 through 10 (collectively, "Defendants"), makes the allegations below.

**INTRODUCTION**

1. This case arises out of Defendants' fraud and failure to make payments due for software development services and a deliverable provided by FullStack under a Master Services Agreement. By this lawsuit, FullStack seeks to obtain the funds due to it, a judicial declaration that it is the owner of the subject deliverable, punitive damages, attorney's fees, and interest.

**PARTIES**

2. FullStack is a limited liability company organized under the laws of the State of California with its principal place of business in this District. FullStack was founded in 2013, and designs and builds web and mobile apps for entrepreneurs, startups, and growing businesses.

3. Plaintiff is informed and believes, and thereon alleges, that Defendant IMON Network

Complaint – Page 1

Limited ("IMON") is a company incorporated under the laws of Hong Kong with its principal place of business at 2/92 Essex Road, Mt. Waverly, 3149 Victoria, Australia.

4. Plaintiff is informed and believes, and thereon alleges, that Defendant Heli Yida Cultural Media Company (Hong Kong) Limited ("Heli") is a company incorporated under the laws of Hong Kong with its principal place of business at 2/92 Essex Road, Mt. Waverly, 3149 Victoria, Australia.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant Jim Johnson ("Johnson") is an individual resident in Australia, and is the Chairman of IMON.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant Ian Moffitt ("Moffitt") is an individual resident at 2/92 Essex Road, Mt. Waverly, 3149 Victoria, Australia, and is the Chief Executive Officer of Heli and IMON.

7. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 10, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

8. At all times relevant herein, and at the time of the transactions complained of, each of the Defendants were the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency.

## ALTER EGO ALLEGATIONS

9. Plaintiff is informed and believes, and thereon alleges, that IMON is, and at all times since its formation was, the alter ego of Heli, Johnson, and Moffitt. Plaintiff is informed and believes, and thereon alleges, that there is a unity of ownership and interest by and between Defendants such that any separateness between them has never existed.

10. Plaintiff is informed and believes, and thereon alleges, that IMON was formed by Heli, Johnson, and Moffitt, and operated with inadequate capitalization and failed to respect other corporate formalities that would indicate a separate existence from Heli, Johnson, and Moffitt.

11. Plaintiff is informed and believes, and thereon alleges, that Heli, Johnson, and Moffitt, commingled and failed to segregate the funds and assets of IMON from their own and treated the assets and funds nominally belonging to IMON as their own funds.

12. Plaintiff is informed and believes, and thereon alleges, that Heli, Johnson, and Moffitt, have controlled, dominated, managed and operated IMON since its incorporation for their benefit.

13. Plaintiff is informed and believes, and thereon alleges, that IMON is, and at all times mentioned was, a mere shell, instrumentality and conduit through which Heli, Johnson, and Moffitt carried on their activities.

14. Plaintiff is informed and believes, and thereon alleges, that Heli, Johnson, and Moffitt exercised and continues to exercise such complete control and dominance of the activities of IMON that any individuality or separateness of IMON does not, and at all relevant times did not, exist.

15. Plaintiff is informed and believes, and thereon alleges, that IMON exists solely to ensure that Heli, Johnson, and Moffitt remain "judgment proof."

16. Adherence to the fiction of the separate existence of IMON as an entity distinct from Heli, Johnson, and Moffitt would permit an abuse of the privileges against liability afforded to companies, and would result in unfairness to Plaintiff and an inequitable result. It would promote injustice by allowing Heli, Johnson, and Moffitt to evade liability or veil assets that should in equity be used to satisfy the judgment sought by Plaintiff in this action.

## JURISDICTION

17. This Court has jurisdiction over this action because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of the State of California and the citizens or subjects of foreign states.

## VENUE

18. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, and because Section 19 of the Master Services Agreement provides: "The Parties agree that, in the event of any suit or proceeding arising out of or related to this Agreement, the courts of California will have exclusive jurisdiction and the Parties shall submit to the jurisdiction of such courts."

## FACTUAL ALLEGATIONS

19. On or about April 10, 2017, FullStack and Defendants entered into a Master Services Agreement under which FullStack agreed to provide software development services and a deliverable

Complaint – Page 3

to Defendants. The deliverable, which was subsequently named TargetEngage by Defendants, is a software product that manages the placement of the ads and content on Defendants' network and collects and manages demographic information from the network's audience.

20. Section 3.1 of the Master Services Agreement provided that Defendants "shall pay all invoiced amounts due to FullStack Labs within 15 days from the date of FullStack Labs's invoice."

21. Section 3.3 of the Master Services Agreement provided: "Any payment not received within the specified time period set forth hereunder, or on the invoice, except with respect to charges then under a reasonable and good faith dispute, will accrue interest at a rate of one and one-half percent (1.5%) per month. Client shall also pay to FullStack Labs all costs and Expenses incurred by FullStack Labs in exercising any of its rights under this Agreement or applicable law with respect to recovering any amount owed to FullStack Labs hereunder or other breach by Client, including, but not limited to, reasonable attorneys' fees and costs."

22. Section 5.1 of the Master Services Agreement provided that "Client will acquire ownership of the Services and/or Deliverables that are the subject of the applicable Statement of Work, only after the payment in full of all amounts due by Client to FullStack Labs."

23. Between April 2017 and April 2018, FullStack provided software development services and the TargetEngage deliverable to Defendants pursuant to the Master Services Agreement.

24. Commencing in or about October 2017 Defendants stopped timely paying invoices.

25. In order to fraudulently induce FullStack to continue to provide services and the TargetEngage deliverable under the Agreement, the individual Defendants, on behalf of themselves and IMON, made false oral and written representations to FullStack that payments would be forthcoming. For example, on February 9, 2018, Jason Perry, on behalf of Heli and IMON, responded to an email from Fullstack requesting payment by stating that "we will be up to date in April, all outstanding and current invoices." In fact, Defendants did not pay the outstanding invoice amounts in full by April 2018.

26. As of the date of the filing of this Complaint, the principal amount due from Defendants to FullStack is $221,193. Defendants have refused to pay this amount to FullStack.

**FIRST CAUSE OF ACTION**
**Breach of Master Services Agreement**
**(Against All Defendants)**

27. Plaintiff repeats, re-alleges and incorporates by this reference each and all of the allegations contained in the foregoing paragraphs of this Complaint.

28. Plaintiff and Defendants entered into the written Master Services Agreement.

29. Plaintiff did all, or substantially all, of the significant things that the Master Services Agreement required it to do.

30. All conditions required by the Master Services Agreement for Defendants' payments have occurred.

31. Defendants have failed to pay the amounts due under the Master Services Agreement.

32. As a direct and proximate result of the breach of the Master Services Agreement, Plaintiff has suffered damages in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**
**Goods and Services Rendered**
**(Against All Defendants)**

33. Plaintiff repeats, re-alleges and incorporates by this reference each and all of the allegations contained in the foregoing paragraphs of this Complaint.

34. Defendants requested, by words or conduct, that Plaintiff provide IMON with software development services and the TargetEngage deliverable

35. Plaintiff provided Defendants with software development services the TargetEngage deliverable

36. Defendants have not paid Plaintiff for the software development services and the TargetEngage deliverable provided by Plaintiff to Defendants.

37. The reasonable value of the software development services and the TargetEngage deliverable provided by Plaintiff to Defendants and not paid by Defendants is $221,193.

**THIRD CAUSE OF ACTION**
**Open Book Account**
**(Against All Defendants)**

38. Plaintiff repeats, re-alleges and incorporates by this reference each and all of the allegations contained in the foregoing paragraphs of this Complaint.

Complaint – Page 5

39. Plaintiff and Defendants had financial transactions with respect to the software development services and the TargetEngage deliverable provided by Plaintiff to Defendants.

40. Plaintiff kept an account of the debits and credits involved in the transactions.

41. Defendants owe the principal amount of $221,193, plus interest thereon, to Plaintiff.

**FOURTH CAUSE OF ACTION**
**Account Stated**
**(Against All Defendants)**

42. Plaintiff repeats, re-alleges and incorporates by this reference each and all of the allegations contained in the foregoing paragraphs of this Complaint.

43. Defendants currently owe the principal amount of $221,193, plus interest thereon, to Plaintiff.

44. Plaintiff is informed and believes, and thereon alleges, that Defendants and/or their agents confirmed that the principal amount of $221,193, plus interest thereon, was the correct amount owed by Defendants to Plaintiff.

45. Defendants have not paid Plaintiff any of the amount owed under this account.

46. Defendants owes $221,193, plus interest thereon, to Plaintiff.

**FIFTH CAUSE OF ACTION**
**Intentional Misrepresentation**
**(Against All Defendants)**

47. Plaintiff repeats, re-alleges and incorporates by this reference each and all of the allegations contained in the foregoing paragraphs of this Complaint.

48. As detailed above, Defendants made false representations to Plaintiff that they would pay Plaintiff's invoices.

49. Defendants' representations were false.

50. Defendants knew that the representations were false when they made them.

51. Defendants intended that Plaintiff rely on their representations.

52. Plaintiff reasonably relied on the representations by providing software development services and the TargetEngage deliverable to Defendants.

53. Plaintiff was harmed as it did not receive payment for the software development services and the TargetEngage deliverable it provided to Defendants.

54. Plaintiff's reliance on Defendants' representations was a substantial factor in causing its harm.

### SIXTH CAUSE OF ACTION
### Promissory Fraud
### (Against All Defendants)

55. Plaintiff repeats, re-alleges and incorporates by this reference each and all of the allegations contained in the foregoing paragraphs of this Complaint.

56. In order to induce Plaintiff to enter into Master Services Agreement, Defendants promised, in writing, to "pay all invoiced amounts due to FullStack Labs within 15 days from the date of FullStack Labs's invoice."

57. Defendants did not intend to perform the promise when they made it.

58. Defendants intended that Plaintiff rely on their promises.

59. Plaintiff reasonably relied on the promise by entering into the Master Services Agreement.

60. Plaintiff was harmed as it did not receive payment for all of its invoiced amounts.

61. Plaintiff's reliance on Defendants' promise was a substantial factor in causing its harm.

### SEVENTH CAUSE OF ACTION
### Declaratory Relief
### (Against All Defendants)

62. Plaintiff repeats, re-alleges and incorporates by this reference each and all of the allegations contained in the foregoing paragraphs of this Complaint.

63. An actual controversy exists between Plaintiff and Defendants as to the ownership of the deliverables created by Plaintiff pursuant to the Master Services Agreement. Plaintiff contends that it is the owner of the Target Engage deliverable as Defendants have not paid in full all amounts due to Plaintiff. Plaintiff is informed and believes, and thereon alleges, that Defendants contends that they are the owner of the TargetEngage deliverable.

64. Judicial intervention is necessary and proper in order to resolve the existing controversy. Plaintiff therefore requests a judicial declaration that Plaintiff is the owner of the TargetEngage deliverable created by Plaintiff pursuant to the Master Services Agreement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. For damages in an amount to be proved at trial, but not less than $221,193.00;
2. For a judicial declaration that Plaintiff is the owner of the deliverables created by Plaintiff pursuant to the Master Services Agreement.
3. For punitive and exemplary damages in an amount to be proved at trial;
4. For prejudgment and postjudgment interest;
5. For attorney's fees as permitted by law and the Master Services Agreement;
6. For costs of suit;
7. For attachment and/or other provisional relief;
8. Such other and further relief as the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff FullStack Labs LLC demands a trial by jury on all claims so triable.

Dated:  May 17, 2018                    LAW OFFICES OF SETH W. WIENER

By:_____
Seth W. Wiener
Attorneys for Plaintiff
FullStack Labs LLC